FILED

IN THE UNITED STATES DISTRICT COURT UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO ALBUQUERQUE, NEW MEXICO

OCT 2 5 2004

RENE OROZCO,

Plaintiff,

CLERK

v.                                        No. CIV-04-1056 MCA/RLP

GEO GROUP INC., et al.,

Respondents.

## MEMORANDUM OPINION AND
## ORDER OF DISMISSAL AND REMAND

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), Fed. R. Civ. P. 12(b)(6), and 28 U.S.C. § 1441(c), to review Plaintiff's removed complaint. Plaintiff is incarcerated and appears pro se. He was granted partial indigent status in the state court. For the reasons below, Plaintiff's federal claims will be dismissed, and the matter will be remanded to the state court.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff injured himself when he slipped and fell on a wet floor

at the institution. Plaintiff contends that rain water had been penetrating the room for several years, and that prison officers knew of the condition but failed to fix it. He claims the Defendants' actions violated his rights under the Eighth and Fourteenth Amendments as well as state law. The complaint asks for damages.

Plaintiff's allegations do not support federal constitutional claims. "To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment. . . . Simply put, '[a] "slip and fall," without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.' " *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W.Va. 1983)). The Court will dismiss Plaintiff's federal constitutional claims and will remand the complaint to the state court for resolution of Plaintiff's state law claims. *See* 28 U.S.C. § 1441(c).

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed in forma pauperis;

IT IS FURTHER ORDERED that Plaintiff's claims under the Eighth and Fourteenth Amendments are DISMISSED with prejudice for failure to state a claim under 42 U.S.C. § 1983;

IT IS FURTHER ORDERED that Plaintiff's complaint is REMANDED to the New Mexico Fifth Judicial District Court, Lea County, for resolution of his state law claims.

_____ 10/21/2004
UNITED STATES DISTRICT JUDGE

2